PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
INDIA HARVILLE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA HARVILLE<br><br>     Plaintiff,<br><br><br>v.<br><br><br><br>MICKI'S TOWING, INC.<br><br><br>     Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1.   Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br>2.   Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>3.   Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff INDIA HARVILLE complains of Defendant MICKI'S TOWING, INC., and each of them, and alleges as follows:

1.     **INTRODUCTION:** Defendant's tow truck dispatcher refused to send a tow truck to Plaintiff because she is a woman with a disability who uses a qualified service dog. Plaintiff voluntarily let Defendant's dispatcher know she was a person with a disability who uses a service dog, and requested that she be allowed to keep her service dog with her at her feet in the cab. This was the same request Plaintiff made to another cab company earlier that day who allowed her to do so. Without ever seeing Plaintiff's service dog, or doing an individual assessment of the

service dog, Defendant refused Plaintiff service.  The dispatcher said she was denying Plaintiff because "dogs shed" and there would "not be enough room" in the cab.  Defendant refused to assist Plaintiff.  As a result of Defendant's discrimination, Plaintiff was forced to hire a third towing company that day.  That company, like the first she hired, granted Plaintiff's request for reasonable accommodation to keep her medically necessary service dog with her.  Defendant had refused to do what two other towing companies did that day, and that the law requires: allow Plaintiff use of her service dog.

2.      The assistance of Plaintiff's service dog is medically important to Plaintiff because she relies on her service dog to alert her of the onset of migraines and seizures, and to protect Plaintiff in case of collapse, paralysis, or aphasia. Without the service dog's warning to get in a safe position before a seizure, Plaintiff is vulnerable to physical personal injury if she collapses. In the context of being a passenger in the tow truck, Plaintiff's service dog can alert Plaintiff of an impending seizure, and Plaintiff can in turn alert the driver about the issue in a timely fashion so that the tow truck driver is not distracted by Plaintiff suddenly experiencing an emergency medical condition while the driver is driving.

3.      This lawsuit seeks injunctive relief and damages against the owners and operators of Micki's Towing, Inc., for denying full and equal access to Plaintiff India Harville, a physically-disabled person who uses a service dog.  On October 25, 2019, Plaintiff was refused service by Micki's Towing specifically because she requested that her certified service dog be allowed to accompany her in the tow truck while her car was being towed away.  Micki's Towing is located at 976 85th Avenue, Oakland, California.

4.      As a result of Defendant's illegal acts, Plaintiff suffered denial of her civil rights and suffered physical, mental and emotional damages.  Plaintiff was originally connected with Micki's Towing when she called her car insurance company after her car broke down and she needed a tow truck.  Plaintiff may need the services of Micki's Towing again, especially since they apparently contract with her car insurance company, but Plaintiff cannot utilize Defendant's services until its policies are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training.

She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies, and to force Defendant to compensate her for refusing service to her, although she is a physically disabled person who needs the assistance of her qualified service dog. Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog while using the services of Micki's Towing.

5. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

6. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict because the business which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **PARTIES:** Plaintiff India Harville is a "qualified" physically disabled person. She suffers from complex migraines with neurological features that cause seizures, partial paralysis, and aphasia. Plaintiff uses an electric scooter type of wheelchair for mobility and relies upon her service dog, a yellow lab mix named "Nico" to alert her of the onset of migraines and seizures as well as carrying her medicine, notifications regarding Plaintiff's condition, and protecting Plaintiff in case of collapse, paralysis, or aphasia. Nico has received professional training for assisting persons with disabilities by the organization, "Canine Companions for Independence." At all times relevant to the complaint Nico wore a vest that clearly and prominently identified him as a service animal at the time of the incident as depicted below:

//

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23    Plaintiff is a qualified person with a disability as defined under federal and state law.  42

24  U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

25        9.      Defendant MICKI'S TOWING, INC, is and was at all times relevant to this

26  Complaint the owner, operator, lessor and/or lessee of the subject business located at 976 85th

27  Avenue, Oakland, California whose services Plaintiff attempted to utilize on October 25, 2019.

28        10.      Micki's Towing, Inc. is a place of "public accommodation" and a "business

1    establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C.

2    section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code

3    sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

4        11.    **FACTUAL STATEMENT:**  Plaintiff India Harville began working with her

5    service dog Nico in May of 2019.  Nico is a three-year-old yellow lab mix who has trained to be a

6    service dog since birth.  Plaintiff has trained Nico to serve her specific needs throughout their

7    relationship.  Nico has also been trained to alert Plaintiff if she is beginning to suffer certain

8    medical emergencies such as a migraine or seizure.

9        12.    Nico is a working dog; he is not a pet.  Plaintiff and Nico trained extensively

10   together when they were matched and they supplement that training daily.  Plaintiff takes Nico

11   everywhere with her in public.  It is important they stay together at all times because (a) Nico

12   provides important services for Plaintiff; (b) Nico is medical alert dog who is able to alert

13   Plaintiff of potentially life threatening medical conditions so that she can seek immediate medical

14   treatment; and (c) it is part of the training and bonding requirement that they be together

15   constantly to maintain their bond.  Where Plaintiff goes, Nico goes. Were Plaintiff separated from

16   Nico, she would be at risk of falling or other health issues that might follow from not being

17   alerted to an impending seizure before she could prepare for it.

18       13.    Nico wears a vest with a patch and several tags that indicate he is a service dog.

19   Additionally, her vest includes the words, "PLEASE DON'T PET ME, I'M WORKING."

20       14.    On October 25, 2019, Plaintiff's 2001 Toyota Echo died due mechanical problems.

21   Due to the age and low value of the car, Plaintiff determined that it was time to retire the car.

22   Therefore, she called her insurance company, Geico, to arrange to have the car towed to a Pick-N-

23   Pull to be sold for parts.

24       15.    Initially, Geico dispatched Cal State Tow and Transport Inc. to pick up Plaintiff

25   and tow her vehicle.  Plaintiff informed the company that she had a service dog and the company

26   and the driver took no issue with Plaintiff and Nico riding in the cab together.  Upon reaching the

27   Pick-N-Pull, Plaintiff realized that she did not have the correct paperwork to dispose of the car, so

28   Cal State Tow and Transport, Inc. returned Plaintiff, Nico and her car back to Plaintiff's home so

1   that she could get the paperwork.

2        16.    Plaintiff called Geico again, and they dispatched Micki's Towing to tow Plaintiff's

3   car from her home.  Plaintiff was expecting Micki's Towing to arrive at her home around 11:00

4   am.

5        17.    While she was waiting for the tow truck to arrive, Plaintiff contacted Micki's

6   Towing, as a courtesy, to let them know that she used a certified service dog due to assist her with

7   tasks related to her disabilities.

8        18.    The Micki's Towing representative informed Plaintiff that Nico would have to ride

9   in the car being towed rather than the cab if he was going to accompany her.  Plaintiff responded

10   that Nico would have to ride in the cab with her as he needed to be physically with her in order to

11   perform the tasks he was trained to do.  The Micki's Towing representative then told Plaintiff that

12   Nico could not be in the cab due to "shedding."  Plaintiff stated that a concern about "shedding"

13   was not a legitimate reason to deny her the towing service she requested.  Finally, the Micki's

14   Towing representative claimed that the tow truck driver was allergic to dogs and could not have

15   Nico in the cab of the truck.  Plaintiff requested another driver who did not have an allergy, and

16   that she should be allowed to be towed with her service dog.   However, Micki's Towing

17   disagreed, and unilaterally cancelled the towing job on the phone.  After the dispatcher hung up,

18   Plaintiff received a text notifying her that they were canceling her tow. On information and belief,

19   Defendant's dispatcher was following Micki's towing policy of denying all dogs, including

20   service dogs, from riding in their tow trucks without individually assessing each situation or

21   service dog.

22        19.    Upset, Plaintiff called Geico to report the issue with Micki's Towing, and although

23   the representative was sympathetic to Plaintiff's situation, they did not provide any suggested

24   recourse and merely dispatched a third tow truck to Plaintiff's home.

25        20.    Plaintiff notified the third towing company that she had a service dog, and the

26   company dispatcher told her that law required that they allow service dogs in their tow-truck

27   cabs, and that it was no problem for their company to give her a tow with her service dog in the

28   cab.

21.     Despite the friendly disposition of the third company, Plaintiff was discouraged, stressed, and exhausted from her experience with Micki's towing, Plaintiff decided to cancel the third tow truck.  Her experience with Micki's made towing her car more difficult in an already frustrating situation.  She decided not to sell her vehicle that day given the ordeal Micki's towing had caused.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

22.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 21 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

23.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

24.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . .  and privileges of all common carriers. . . motor vehicles. . . or any other public conveyances or modes of transportation."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b). "'[S]ervice dog' means a dog individually trained to the requirements of the individual with a disability, including, but not limited to, minimal protection work, rescue work, pulling a wheelchair, or fetching dropped items." Civ. C. § 54.1(a)(iii).

25.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."  Civil Code section 54.1(d) states that "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990

7

1    (Public Law 101-336) also constitutes a violation of this section, and this section does not limit

2    the access of any person in violation of that act."

3          26.      Civil Code section 54.3(b) makes liable "Any person or persons, firm or

4    corporation who denies or interferes with admittance to or enjoyment of the public facilities as

5    specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a

6    disability under Sections 54, 54.1 and 54.2."  This section also specifies that, "'[I]nterfere,' for

7    purposes of this section, includes, but is not limited to, preventing or causing the prevention of a

8    guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled

9    person."

10          27.      Defendant is also in violation of California Penal Code section 365.5(b) which

11    states:

12          No blind person, deaf person, or disabled person and his or her specially trained
      guide dog, signal dog, or service dog shall be denied admittance to
13          accommodations, advantages, facilities, medical facilities, including hospitals,
      clinics, and physicians' offices, telephone facilities, adoption agencies, private
14          schools, hotels, lodging places, places of public accommodation, amusement or
      resort, and other places to which the general public is invited within this state
15          because of that guide dog, signal dog, or service dog.

16          28.      Micki's Towing is a public accommodation within the meaning of the CDPA.  On

17    information and belief, Defendant is the owner, operator, lessor or lessee of the public

18    accommodation and mode of transportation relevant in this case.

19          29.      Defendant made the decision to knowingly and willfully exclude Plaintiff and her

20    service dog from its public accommodation and thereby deny Plaintiff her right of use of its place

21    of business with her service dog.  Defendant has a policy of denying persons with disability who

22    use service dogs use of their tow trucks ("motor vehicles") as a "mode of transportation." Civ. C.

23    § 54.1(d).  As a result of that decision and policy, Plaintiff has faced the continuing

24    discrimination of being barred from using this public accommodation and place of business based

25    upon Defendant's illegal prohibition of her legally protected use of her service dog.  Plaintiff has

26    continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and

27    discriminatory treatment should she need to utilize the services, especially since her insurance

28    company contracts with Micki's Towing to provide service for its customers.  Plaintiff is unable

1  utilize the services of Micki's Towing until she receives the protection of this Court's injunctive

2  relief, and she has continued to suffer discrimination on and since October 25, 2019, all to her

3  statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal

4  Code section 365.5.

5        30.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

6  omissions of Defendant as complained of herein which are continuing on a day-to-day basis and

7  which have the effect of wrongfully excluding Plaintiff and other members of the public who are

8  physically disabled, including but not limited to mobility disabled individuals who require the

9  assistance of service animals, from full and equal access to this public accommodation, and the

10  business and its tow trucks.  Such acts and omissions are the cause of humiliation and mental and

11  emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and

12  second-class citizen and serve to discriminate against her on the sole basis that she is a person

13  with disabilities and one who requires the assistance of a service animal.

14        31.    Plaintiff, on information and belief, will need to utilize the services of Micki's

15  Towing again but is deterred from doing so, because the lack of access and the significant policy

16  barriers will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff

17  is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to

18  and use of these public facilities and motor vehicles.  Therefore, Plaintiff cannot utilize

19  Defendant's services and is deterred from further patronage until Defendant's policies are altered

20  to make its public accommodation accessible for disabled persons, including Plaintiff and other

21  mobility disabled persons and disabled individuals who require the assistance of a service animal.

22        32.    The acts of Defendant has proximately caused and will continue to cause

23  irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

24  Defendant's discriminatory policies.   As to the Defendant that currently owns, operates, and/or

25  leases (from or to) the subject premises and the subject tow truck vehicles, Plaintiff seeks

26  preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices

27  that deny full and equal access for disabled persons, and seeks an award of reasonable statutory

28  attorney fees, litigation expenses and costs.

9

33.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

34.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facilities and discriminatory policies, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

35.     **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of its services were and are and will be physically disabled persons, including mobility-impaired persons and those individuals who require the assistance of a service animal, and would have need of facilities that complied with California and ADA standards for accessible facilities, policies and modes of transportation.  Despite this knowledge, Defendant adopted and maintained the policy that failed to do any individualized assessment of service dogs when persons with disabilities using them needed towing services, including but not limited to those previously

10

noted hereinabove, as required by state and federal law.  On information and belief, Defendant has ignored complaints about the lack of proper disabled access for Plaintiff and by other disabled persons who use service dogs.  Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities may attempt to utilize the services of Micki's Towing and encounter illegal service dog policy barriers which deny them full and equal access to their towing services.

36.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the subject public accommodation violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons who work with service dogs, but Defendant has failed to rectify the violations, and presently continues a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

37.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990) and *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against physically disabled persons who require the use of service animals, prior to the filing of this complaint.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicates actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

38.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to

1   require that Defendant make its facilities and services accessible to all disabled members of the

2   public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the

3   provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

4         39.    Plaintiff suffered damages as above described as a result of Defendant's violations.

5   Damages include Plaintiff being deterred from further utilizing the services of Micki's Towing

6   until its discriminatory policies are changed.

7         WHEREFORE, Plaintiff prays for relief as hereinafter stated.

8                          **SECOND CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL**
9   **CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES**
**ACT AS INCORPORATED**
10   **BY CIVIL CODE SECTION 51(f)**

11         40.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

12   the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them

13   herein as if separately re-pleaded.

14         41.    At all times relevant to this action, the Unruh Civil Rights Act, California Civil

15   Code § 51(b), provided that:

16         All persons within the jurisdiction of this state are free and equal, and no matter
17         what their sex, race, color, religion, ancestry, national origin, disability, or medical
      condition are entitled to the full and equal accommodations, advantages, facilities,
      privileges, or services in all business establishments of every kind whatsoever.
18

19         42.    California Civil Code section 52 provides that the discrimination by Defendant

20   against Plaintiff on the basis of her disability, and the fact that she requires use of a service dog,

21   constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

22         43.    Each of Defendant's discriminatory acts or omissions constitutes a separate and

23   distinct violation of California Civil Code section 52, which provides that:

24         Whoever denies, aids or incites a denial, or makes any discrimination or distinction
      contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the
25         actual damages, and any amount that may be determined by a jury, or a court sitting
      without a jury, up to a maximum of three times the amount of actual damage but in
26         no case less than four thousand dollars ($4,000), and any attorney's fees that may
      be determined by the court in addition thereto, suffered by any person denied the
27         rights provided in Section 51, 51.5, or 51.6.

28         44.    Any violation of the Americans with Disabilities Act of 1990 constitutes a

1   violation of California Civil Code section 51(f), thus independently justifying an award of

2   damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

3   Civil Code section 51(f), "A violation of the right of any individual under the Americans with

4   Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

5        45.     The actions and omissions of Defendant as herein alleged constitute a denial of

6   access to and use of the described public facilities by disabled persons who use service dogs

7   within the meaning of California Civil Code sections 51 and 52.  As a proximate result of

8   Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of

9   Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble

10   damages to Plaintiff, according to proof.

11       46.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct,

12   Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

13   statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

14   disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

15   seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

16   provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

17   intended to require that Defendant make its facilities and policies accessible to all disabled

18   members of the public, justifying "public interest" attorney fees, litigation expenses and costs

19   pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

20   applicable law.

21       47.     Plaintiff suffered damages as above-described as a result of Defendant's

22   violations.

23       WHEREFORE, Plaintiff prays for relief as hereinafter stated.

24                         **THIRD CAUSE OF ACTION:**
                  **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
25                         **(42 USC §§ 12101 *et seq.*)**

26       48.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

27   the factual allegations contained in Paragraphs 1 through 47, above, and incorporates them herein

28   by reference as if separately repled.

13

49.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

50.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

51.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

52.     Micki's Towing is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(F).  Its towing services are offered to the public at, or as part of, that public accommodation.

53.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

54.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm.  Further,

14

**Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

…

Allergies and fear of dogs are not valid reasons for denying access or refusing service to people using service animals.

*Id.* (emphasis in original).

55.     Defendant has a policy and practice of denying and restricting access to patrons with service animals.

56.     On information and belief, as of the date of Plaintiff's denial of service by Micki's Towing on or about October 25, 2019, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

57.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

58.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  Micki's Towing is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "any service establishment." 42 USC § 12181(7)(F).

15

59.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

60.     The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one

of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

61.    On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions and policies denied and continue to deny full and equal access to Plaintiff and to other disabled persons who use service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

62.    Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from using the services of Micki's Towing and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

63.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

64.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil

17

1  Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

2  implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person

3  for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the

4  basis of disability in violation of Title III and who has reasonable grounds for believing she will

5  be subjected to such discrimination each time that she may use the property and premises, or

6  attempt to patronize Micki's Towing, in light of Defendant's policy barriers.

7        WHEREFORE, Plaintiff prays for relief as hereinafter stated.

8                                    **<u>PRAYER</u>**

9        Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

10  Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

11  unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless

12  Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy

13  and opposing legal positions as to Defendant's violations of the laws of the United States and the

14  State of California. The need for relief is critical because the rights at issue are paramount under

15  the laws of the United States and the State of California.

16        WHEREFORE, Plaintiff India Harville prays for judgment and the following specific

17  relief against Defendant:

18        1.      An order enjoining Defendant, its agents, officials, employees, and all persons

19  acting in concert with them:

20              a.  From continuing the unlawful acts, conditions, and practices described in this

21                  Complaint;

22              b.  To modify its policies and practices to accommodate service dog users in

23                  conformity with federal and state law, and to advise Plaintiff that her service dog

24                  will not be excluded should she desire to use the services of Micki's Towing;

25              c.  That the Court issue preliminary and permanent injunction directing Defendant as

26                  current owners, operators, lessors, and/or lessees and/or its agents of the subject

27                  public accommodation to modify the above described policies and related

28                  practices to provide full and equal access to all persons, including persons with

18

1   physical disabilities; and issue a preliminary and permanent injunction pursuant to

2   ADA section 12188(a) and state law directing Defendant to provide facilities

3   usable by Plaintiff and similarly situated persons with disabilities, and which

4   provide full and equal access, as required by law, and to maintain such accessible

5   facilities once they are provided and to train Defendant's employees and agents in

6   how to recognize disabled persons and accommodate their rights and needs,

7   including accommodating the need for the assistance of a service dog;

8       d.   An order retaining jurisdiction of this case until Defendant has fully complied with

9   the orders of this Court, and there is a reasonable assurance that Defendant will

10   continue to comply in the future absent continuing jurisdiction;

11     2.   An award to Plaintiff of statutory, actual, general, and treble damages in amounts

12   within the jurisdiction of the Court, all according to proof;

13     3.   An award of civil penalty as against Defendant under California Penal Code §

14   365.5(c);

15     4.   An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

16   Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise

17   permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

18     5.   An award of prejudgment interest pursuant to Civil Code § 3291;

19     6.   Interest on monetary awards as permitted by law; and

20     7.   Grant such other and further relief as this Court may deem just and proper.

21   Date: October 6, 2020                 REIN & CLEFTON

22

23                                         */s/ Aaron M. Clefton*
                                       By AARON M. CLEFTON, Esq.

24                                     Attorneys for Plaintiff
                                       INDIA HARVILLE

25   //

26   //

27   //

28

19

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: October 6, 2020                                      REIN & CLEFTON

                                                          ___ */s/ Aaron M. Clefton*
                                                          By AARON M. CLEFTON, Esq.
                                                          Attorneys for Plaintiff
                                                          INDIA HARVILLE

20